

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*50 Main Street, Suite 1100*
*White Plains, New York 10606*

June 1, 2026

**BY ECF**

The Honorable Cathy Seibel
United States District Judge
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

   **Re:**  ***United States v. Tameka Babulal et al.*, 25 Cr. 310 (CS)**

Dear Judge Seibel:

   The Government respectfully moves for the entry of the attached proposed order which describes the procedures to be followed in notifying potential victims of public proceedings to be held in this case. For the reasons set forth below, allowing victim notification to be made via the U.S. Attorney's Office website would advance victims' rights.

## I.  The Court Should Permit Alternative Victim Notice Procedures

### A.  Applicable Law

   The Justice for All Act of 2004 (the "Act") expanded the rights of victims in federal criminal proceedings and established requirements concerning the Government's notification of victims. *See* 18 U.S.C. § 3771(a). The Act provides that crime victims have, among other rights, the right to reasonable, accurate, and timely notice of any public court proceeding involving the crime; the right not to be excluded from any such public court proceeding, unless the Court, after receiving clear and convincing evidence, determines that testimony by the victim would be materially altered if the victim heard other testimony at that proceeding; and the right to be reasonably heard at any public proceeding in the district court involving release, plea or sentencing. *See* 18 U.S.C. § 3771(a). The Act defines a victim of a crime as "a person directly and proximately harmed as a result of the commission of a Federal offense . . . ." *See* 18 U.S.C. § 3771(e).

   Section 3771 requires that the Court ensure that crime victims are afforded the rights enumerated in the statute, *see* 18 U.S.C. § 3771(b), and obligates the Government to use "best efforts to see that crime victims are notified of, and accorded the rights" provided. *See* 18 U.S.C. § 3771(c). The Act does not set forth any specific notification procedures. It recognizes that in cases involving a large number of crime victims, it may be impracticable to afford all of the victims the rights identified in Section 3771(a). *See* 18 U.S.C. § 3771(d)(2). It provides that in such cases, "the court shall fashion a reasonable procedure to give effect to [the Act] that does not unduly complicate or prolong proceedings." *Id.*

**B.        Discussion**

On March 18, 2026, Tameka Babulal, a former Postal Service letter carrier, pleaded guilty to stealing mail and mail contents such as checks, credit cards, and money orders from victims on her mail route in Mount Vernon, New York. On May 29, 2026, Joel Babulal, her husband, pleaded guilty to conspiring with her to steal and to possess stolen mail at their shared residence. Ms. Babulal's sentencing is scheduled for June 30, 2026, and Mr. Babulal's sentencing is scheduled for September 14, 2026.

Mount Vernon has around 74,000 residents, making it the 8th largest city in New York. *See* City Overview, City of Mount Vernon, https://www.mountvernonny.gov/210/City-Overview (last accessed May 21, 2026). Ms. Babulal was assigned not to any particular mail route but rather covered on various routes depending on need. While a significant portion of stolen mail was found at the Babulal residence, much of the mail believed to be stolen has not been recovered, and the evidence suggests it may have been provided to other co-conspirators.

Direct notification to individual victims would be impracticable in this case. The potential victim pool is unusually large. Because Ms. Babulal covered various routes in Mount Vernon depending on need, and because much of the stolen mail has not been recovered, the Government cannot readily identify every person whose mail or mail contents may have been stolen.  The Government therefore respectfully requests a finding that the number of potential victims makes it impracticable to afford all victims the rights described in Section 3771(a) through individualized notice.

In order to give effect to the rights of the victims, however, the Government proposes that it inform potential victims of all public court proceedings by posting notice of those proceedings on the Internet website of the U.S. Attorney's Office at https://www.justice.gov/usao-sdny/programs/victim-witness-services, on a separate page dedicated to this case.   The Government respectfully submits that this procedure is "reasonable" under Section 3771(d)(2), particularly in light of the fact that media coverage of this case around the time of the unsealing of the complaint on May 23, 2024 was substantial, indicating that the proposed notice procedure may be supplemented by local media attention.

Your Honor has previously authorized the requested notice procedure in another case involving a large number of victims. *See United States v. St. Lawrence, et al.*, No. 16 Cr. 259 (CS), ECF No. 20 (June 2, 2016). Other judges in this District have approved similar procedures. *See, e.g.*, *United States v. Bonventre*, 10 Cr. 228 (LTS); *United States v. DiPascali, Jr.*, 09 Cr. 764 (RJS); *United States v. Friehling*, 09 Cr. 700 (AKH); *United States v. Madoff*, 09 Cr. 213 (DC); *United States v. Bongiorno*, 05 Cr. 390 (SHS); *United States v. Eberhard*, 03 Cr. 562; *United States v. Rigas*, 02 Cr. 1236 (LBS); *United States v. Ebbers*, 02 Cr. 1144 (BSJ).

Accordingly, the Government respectfully submits that its proposed notice procedure is reasonable to give effect to the rights of the potential victims in this case and requests that the Court enter the attached proposed order.

## II.    Conclusion

For these reasons, the Government respectfully requests that the Court enter the attached proposed order setting forth victim notice procedures.

Respectfully submitted,

JAY CLAYTON
United States Attorney for the
Southern District of New York

By: _____
Reyhan Watson
John Sarlitto
James McMahon
Assistant United States Attorneys
(914) 993-1900

cc:    Benjamin Gold, Esq. (By ECF and Email)
       Howard Tanner, Esq. (By ECF and Email)