UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
                                                               :
UNITED STATES OF AMERICA
                                                               :     PRELIMINARY ORDER OF
          - v. -                                               :     FORFEITURE AS TO
                                                               :     SPECIFIC PROPERTY/
TAMEKA BABULAL,                                                      ~~MONEY JUDGMENT~~
          a/k/a "Tameka Williams,"                             :
          a/k/a "Sharniece Williams,"                                25 Cr. 310 (CS)
          a/k/a "Meek Williams," and                           :

                                                               :
          Defendant.                                           :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x

          WHEREAS, on or about July 14, 2025, TAMEKA BABULAL (the "Defendant"),

and another, was charged in a nine-count Indictment, 25 Cr. 310 (CS) (the "Indictment"), with

conspiracy to steal and unlawfully possess mail, in violation of Title 18, United States Code,

Section 371 (Count One); theft of mail by postal service officer or employee, in violation of Title

18, United States Code, Sections 1709 and 2 (Count Two); unlawful possession of mail, in

violation of Title 18, United States Code, Sections 1708 and 2 (Count Three); conspiracy to

commit wire fraud and bank fraud, in violation of Title 18, United States Code, Section 1349

(Count Four); wire fraud, in violation of Title 18, United States Code, Sections 1343 and 2 (Count

Five); bank fraud, in violation of Title 18, United States Code, Sections 1344 and 2 (Count Six);

aggravated identity theft, in violation of Title 18, United States Code, Section 1028A(a)(1),

1028A(b), and 2 (Count Seven); and false statements, in violation of Title 18, United States Code,

Section 1001(a)-(2) (Count Eight);

          WHEREAS, the Indictment included a forfeiture allegation as to Count One and

Counts Three through Six of the Indictment, seeking forfeiture to the United States, pursuant to

Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section

2461(c), of any and all property, real and personal, that constitutes or is derived from proceeds

traceable to the commission of the offenses charged in Count One and Counts Three through Six of the Indictment, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offenses charged in Count One and Counts Three through Six of the Indictment;

WHEREAS, on or about May 23, 2024, the Government seized items of mail, contents of mail, and other mail matter addressed to others from the Defendant's residence in Hempstead, New York at the time she was arrested (collectively, the "Specific Property");

WHEREAS, on or about March 18, 2026, the Defendant pled guilty to Counts One through Eight of the Indictment;

WHEREAS, the Government asserts that the Specific Property represents proceeds traceable to the offenses charged in Count One and Counts Three through Six of the Indictment;

WHEREAS, the Government asserts that $9,500.00 in United States currency represents the amount of proceeds traceable to the commission of the offenses charged in Count One and Counts Three through Six of the Indictment;

WHEREAS, the Government seeks the entry of a money judgment in the amount of $9,500.00 in United States currency, representing the amount of proceeds traceable to the offenses charged in Count One and Counts Three through Six of the Indictment that the Defendant personally obtained;

WHEREAS, the Government further seeks the forfeiture of the Defendant's right, title and interest in the Specific Property, which constitutes proceeds traceable to the commission of the offenses charged in Count One and Counts Three through Six of the Indictment;

WHEREAS, the Court finds that as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offense charged in in Count One and Counts Three

through Six of the Indictment that the Defendant personally obtained cannot be located upon the exercise of due diligence, with the exception of the Specific Property; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1.      As a result of the offenses charged in Counts One through Six of the Indictment, to which the Defendant was pled guilty, a money judgment in the amount of $9,500.00 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offenses charged in Count One and Counts Three through Six of the Indictment that the Defendant personally obtained, shall be entered against the Defendant.

2.      As a result of the offenses charged in Count One and Counts Three through Six of the Indictment, to which the Defendant pled guilty, all of the Defendant's right, title and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

3.      Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture as to Specific Property/Money Judgment is final as to the Defendant, TAMEKA BABULAL and shall be deemed part of the sentence of the Defendant and shall be included in the judgment of conviction therewith.

4. All payments on the outstanding Money Judgment shall be made by postal money order, bank or certified check, made payable, in this instance, to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Illicit Finance and Money Laundering Unit, 26 Federal Plaza, 38th Floor, New York, New York 10278 and shall indicate the Defendant's name and case number.

5. The United States Marshals Service is authorized to deposit the payments on the Money Judgment into the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

6. Upon entry of this Preliminary Order of Forfeiture as to Specific Property/Money Judgment, the United States (or its designee) is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

7. Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days. Any person, other than the Defendant, claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

8. The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii)

shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

9.    Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

10.    Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed. All Specific Property forfeited to the United States under a Final Order of Forfeiture shall be applied towards the satisfaction of the Money Judgment.

11.    Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

12.    Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

13.    The Court shall retain jurisdiction to enforce this Preliminary Order of Forfeiture as to Specific Property/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

SO ORDERED:

_____
HONORABLE CATHY SEIBEL
UNITED STATES DISTRICT JUDGE

6/30/26
DATE